UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO: 8:24-cr-460-CEH-CPT

SHANE VALMONT
_________________________________/

**ORDER**

This matter comes before the Court on the United States' Motion *in Limine* to Preclude Testimony about Employee's Prior Acts (Doc. 126), filed on September 18, 2026. In the motion, the Government requests entry of an Order precluding Defendant Shane Valmont from asking a former Citrus County Detention Employee, whom the Government intends to call as a witness, any questions about the employee's prior disciplinary investigation and termination. In support the Government argues that prior bad acts are inadmissible to impeach a witness under Fed. R. Evid. 608(b). Defendant Valmont filed a response in opposition. Doc. 128. The Court, having considered the motion, the response, and being fully advised in the premises, will deny the United States' Motion *in Limine*.

## I. BACKGROUND

A two-count indictment charged Defendant Shane Valmont ("Defendant" or "Valmont") with unlawfully possessing a cellular telephone and possessing an object designed or intended to be used as a weapon, while he was an inmate of the Citrus

County Detention Center ("CCDC").[1] Doc. 1. At trial, the Government intends to call as a witness one of the CCDC employees who searched Valmont's cell and found the contraband. Doc. 126 at 1. The CCDC employee was the subject of an administrative investigation that resulted in the employee's termination.

According to the Government's motion, the employee's disciplinary action was categorized as "Misconduct Related to Employee Integrity & Accountability" and identified a failure to cooperate with an investigation under the facility's standards of conduct. Documentation revealed that the former employee violated an administrative leave directive and a pre-interview instruction directing him not to contact other people involved in the investigation. The records also indicate that the witness had established some type of relationship with another employee and the records also indicate that there was a possibility that certain unspecified events occurred in the facility's control room. Before being terminated, the employee also received warnings for a failure to maintain possession of a set of facility keys, complaints about the employee's "conduct, attitude, and professionalism," and allegations that the employee abandoned their post during work. The Government seeks to preclude Valmont from cross examining the former employee regarding the disciplinary investigation and termination.

[1] Valmont has pleaded guilty to Count One of the Indictment, possession of the cellular phone. Doc. 138.

## II. LEGAL STANDARD

Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial*." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis in original) (citation omitted). "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III. DISCUSSION

Rule 608(b) of the Federal Rules of Evidence precludes a party from inquiring into specific instances of a witness' past conduct for the purpose of attacking the witness' credibility unless that conduct is probative of the truthfulness or untruthfulness of the witness. In its motion, the Government seeks to exclude from trial any cross examination or testimony of the former employee regarding his disciplinary investigation and termination. In support, the Government argues that Rule 608(b) prohibits impeachment of this witness based on specific bad acts of misconduct unless those acts resulted in a criminal conviction, which they did not.

Further, although Rule 608(b) has a narrow exception which permits cross examination on prior conduct where the alleged conduct is "probative of the character for truthfulness or untruthfulness" of the witness, the Government submits this exception does not apply here. The Government argues that the reasons for the employee's discipline do not bear on the employee's character for truthfulness and

should therefore be excluded. Specifically, the Government contends that nothing about violating an administrative leave directive, engaging in a relationship with another employee, leaving keys behind, displaying a lack of professionalism, or abandoning a post support a conclusion that the former employee is dishonest or untruthful.

In response (Doc. 128), Valmont argues that the cases relied upon by the Government are factually distinguishable. Of note, the former employee's termination was temporally relevant and not remote, the sanction of termination was significant, and the former employee is the Government's key witness. Valmont contends that exclusion of the anticipated testimony at this juncture would be premature.

The Court agrees with Valmont that it would be premature to exclude such evidence on a motion *in limine*. "Rule 608(b) provides that a party may not introduce extrinsic evidence to attack a witness's character for truthfulness . . . [but] [t]he rule does not, however, prohibit a party from using extrinsic evidence for other impeachment purposes, such as to show bias, to contradict a witness's testimony, or to demonstrate that the witness has made prior inconsistent statements." *United States v. Taylor*, 426 F. App'x 702, 705 (11th Cir. 2011) (internal citations omitted). Denial of the motion at this juncture does not mean that the testimony will automatically be admitted at trial. *Burkhart v. R.J. Reynolds Tobacco Co*., No. 3:09-cv-10727-WGY-HTS, 2014 WL 12617550, at *4 (M.D. Fla. Apr. 30, 2014). "Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.* (citation omitted). As the Supreme Court has

explained, "[t]he ruling is subject to change when the case unfolds . . . [and] the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

"Unless evidence meets [the] high standard" of being "clearly inadmissible," "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quoting *In re Seroquel Prods. Liab. Litig.,* No. 6:06-md-1769-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)). Because the Court cannot state on the record before it that the anticipated cross examination of the former employee is clearly inadmissible on all potential grounds, the motion is due to be denied.

Accordingly, it is

**ORDERED**:

1. The United States' Motion *in Limine* (Doc. 126) is **denied**. Counsel shall not refer to the disciplinary investigation and termination in opening statements and must alert the Court, outside the presence of the jury, before seeking to cross examine the witness on these matters to allow time for the Government to object, if warranted, and for the Court to rule on the admissibility of the statements once the Court has heard the predicate testimony.

**DONE AND ORDERED** in Tampa, Florida on October 15, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any